The opinió-n of the Court was delivered by
Wakdlaw, J.
The agreement between the plaintiff and tbe defendant’s intestate contemplated the erection.and management of a steam mill on the intestate’s land, at the exclusive cost of the plaintiff — the delivery at the mill of all the timber, which at the making of the agreement was growing on a. certain tract of intestate’s land, at the exclusive cost of the intestate: and after sawing by plaintiff, an equal division between the plaintiff and the intestate. The report says the division was to be of the profits; the declaration says it was to be of “the nett proceeds of the value of the sawed lumber, or the sawed lumber itself at the mill.”
There was between the contracting parties no community of interest in the mill, or in the timber when growing, or after it was felled and before it was delivered: but before division, there was a community of interest in the sawed lumber. One may have made money and the other lost— there was then no mutuality of nett profits: but if the lumber was sent to a distant market for sale, (and at the bar it is admitted that' most of it was sent to Charleston,) there was a mutual participation in the profits and losses attending that which was the common stock. Expenses of rafting, commissions on sales, losses in transportation, fluctuations in the market, of course affected both parties equally. Either, as the common agent, could have contracted as to these particulars, and either could have received from a factor the proceeds of a sale, subject to the duty of accounting. This would have made a plain case of partners inter sese: partners each of whom contributed labor and materials, whose stock was in the nett proceeds or products, and whose profits or *181 losses resulted from the good or ill luck attending the disposition of those proceeds.
If the proceeds were, at the will of either party, to' be divided at the mill, the partnership is less plain: but even then there is high authority for saying that the products or “articles manufactured and to be divided, may well be deemed the profits or losses of their joint undertaking and business.” Story on Part, § 27.
If there was a partnership, it was dissolved by death. The cases which have been cited to show, that upon articles of partnership, one party, waiving his right to specific performance, may sue the other party for damages occasioned by non-performance, fall very far short of showing that after the death of one, an action will lie against his administrator for not continuing. '. It is said to be very hard here that the plaintiff should not reap the advantage which was on both sides expected, to compensate him for the large outlay which he has made. It was for him to have considered the contingencies which might defeat his expectations, before he expended his money. It would, on the other hand, be hard to subject an administratrix to damages for not continuing a business to which the limited authority conferred upon her by the law over the land and slaves of her intestate, is inadequate.
To reconcile to the result of this case reached by the Court, one member of the Court, who has, under the supposition of a division to be made at the mill, some doubts about the partnership, we will glance hastily at the questions-made under the Statute of Frauds.
Under the agreement, the plaintiff was not to acquire any' interest in the growing timber, or even in the logs before they were delivered at the mill. That part of the 4th section of the Statute which relates to interest in land, is then applicable to the case.
There was no sale of timber or logs by the intestate to the *182 plaintiff — only an agreement to contribute labor and materials : tbe 17th section of the Statute is then inapplicable.
The agreement contains no express reference to time: but under it the business was carried on for more than a year, and not half of the timber was sawed or even felled. If it appeared, as we assume it did, from the quantity of timber and the capacity of the mill, that the parties, in their agreement, contemplated the lapse of a longer period than one year before the enterprise could be fully executed, then the agreement was obnoxious to that portion of the 4th section of the Statute which speaks of an agreement “that is not to be performed within the space of one year from the making thereof.”
Under the evidence, which we have assumed, there would have been no such contingency as could have taken the case out of the Statute, like a promise to pay on the death of a certain person, and the like. Nor would the case be saved by complete performance on the side of the plaintiff: — he had performed as to the erection of the mill, but could not have fully performed his part of the agreement until he had sawed the whole of the specified timber.
The whole Court agree that the nonsuit was properly ordered.
The motion is dismissed.
O’Neall, (3-lover, and Munro, JJ., concurred.

Motion dismissed.